IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILLIAM E. PLEMONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. 2:03-CV-0421-J |
| | § | |
| CITY OF AMARILLO, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT CITY OF AMARILLO'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW THE CITY OF AMARILLO ("The City"), Defendant herein, and files the following proposed findings of fact and conclusions of law:

### I. FINDINGS OF FACT

1)   On December 13, 2001, the City of Amarillo's police department (the "APD"), in conjunction with the Texas Panhandle Regional Narcotics Trafficking Task Force (the "Task Force"), executed a search warrant issued by a Potter County Judge at a suspected place described as "a single story, single family dwelling located at 1701 Southeast Tenth Avenue" in Amarillo, Potter County, Texas, and further described as having "a business sign on the south side of the property that has written on it 'Morris Furniture' and the number '1701 E. 10th'." The warrant broadly authorized a search of the suspected place and all related edifices, outbuildings, and the land or grounds surrounding or adjacent to the building.

2)   This operation was a high risk one because the owner of the building, Delbert Morris, was known to deal in illegal drugs, to have weapons on the premises, and to have a history of assaultive behavior.

3)   The APD's SWAT team made the initial entry into the building to secure the premises for the Task Force narcotics search team. At that time, Mr. Plemons, who had come to the building before the officers had arrived, was talking to Delbert Morris in the northeastern portion of the building

**Defendant City of Amarillo's**
**Findings of Fact and Conclusions of Law** -- Page 1
#336122

4) Each of the three occupants of the building, including the Plaintiff, Mr. Plemons, Mr. Morris, and a store clerk, Nikki Henderson, was handcuffed and detained in an area in the front of the building during the search and while the officers ran a check on their identities and background.

5) The area to be searched was large and extremely cluttered, which prolonged the time it took to do an appropriate search of the premises for narcotics and related contraband. The operations related to the execution of this search warrant lasted at least 3 hours and 20 minutes.

6) Mr. Plemons was detained on a couch for 2 to 2 ½ hours during the course of the search operations, but was released within 5 minutes of being told by officers that his identity and background check came back clear.

7) The detention of Plaintiff by the APD was objectively reasonable under the circumstances presented in the execution of the search warrant.

8) The City's policy and custom with respect to the execution of high-risk search warrants is to quickly and properly secure the building and the persons occupying the building and to detain all persons occupying the building in a manner and for a time consistent with the circumstances presented.

9) There is no persistent, widespread, and well-settled practice or custom of the APD to intentionally and unnecessarily prolong the detention of any persons who are detained during the course of the execution of a high-risk search warrant.

10) Plaintiff was not injured or damaged as a result of his detention during the course of the execution of this search warrant.

11) Plaintiffs claims of constitutional violations are frivolous, unreasonable and without foundation.

12) The City has incurred reasonable and necessary costs and attorney's fees in defending this lawsuit, and in all subsequent appeals, in an amount to be determined separately by this Court upon timely application.

## II. CONCLUSIONS OF LAW

1) The Court has jurisdiction over the subject matter and the parties to this proceeding.

2) The detention of Plaintiff by officers of the City while they searched 1701 East 10th Ave. incident to a search warrant was constitutionally permissible in light of the circumstances presented.

**Defendant City of Amarillo's**
**Findings of Fact and Conclusions of Law – Page 2**
#336122

3) The length of the detention of Plaintiff by officers of the City while they searched 1701 East 10th Ave. incident to a search warrant was constitutionally permissible in light of the circumstances presented.

4) The official policy of the City with respect to the execution of high-risk search warrants is constitutional.

5) No unconstitutional practice or custom of City police officers regarding the detention of occupants of premises incident to a search was so persistent, widespread, and well settled as to constitute a custom fairly attributable to the City for purposes of 42 U.S.C. § 1983.

6) Plaintiff did not sustain any injury or damage that was proximately caused by any unconstitutional policy or custom of the City of Amarillo.

7) The City is entitled to recover its attorneys' fees and costs pursuant to 42. U.S.C. § 1988(b).

WHEREFORE, PREMISES CONSIDERED, Defendant THE CITY OF AMARILLO proposes the foregoing findings of fact and conclusions of law.

Respectfully submitted,

Michael H. Loftin
Texas Bar No. 12487500
Dan L. Schaap
Texas Bar No. 17719860
UNDERWOOD, WILSON, BERRY,
STEIN & JOHNSON, P.C.
P. O. Box 9158
Amarillo, Texas 79105
Telephone: (806) 376-5613
FAX: (806) 379-0316

SBN 24047107

By: [signature]
For : Michael H. Loftin
ATTORNEYS FOR DEFENDANT

**Defendant City of Amarillo's**
**Findings of Fact and Conclusions of Law – Page 3**
#336122

## CERTIFICATE OF SERVICE

This is to certify that on the 14th day of September, 2006, a true and correct copy of the above and foregoing document was hand delivered to the following:

George Whittenburg
WHITTENBURG WHITTENBURG GARNER &
STEIN, P.C.
1010 S. Harrison, P.O. Box 31718
Amarillo, TX 79120-1718

For: Michael H. Loftin

Defendant City of Amarillo's
Findings of Fact and Conclusions of Law -- Page 4
#336122